UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIHAB OSMAN, as Personal Representative
of the ESTATE of AHMED OSMAN MEKKI,
Deceased,

Case No: 22-CV

Hon.

      Plaintiff,

vs.

COOPER FEY DEBOER
and I-80 POWER, INC.,

      Defendants.
_____/

**Marc J. Mendelson P-52798**
**Eric M. Simpson P-57232**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050
lmelfi@855mikewins.com
ashley@855mikewins.com
_____/

## PLAINTIFF'S COMPLAINT and DEMAND FOR JURY TRIAL

    Plaintiff, Rihab Osman, as Personal Representative of the Estate of Ahmed Osman Mekki, Deceased, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendants, Cooper Fey Deboer and I-80 Power, Inc., states as follows:

## THE PARTIES

1. Plaintiff's Decedent, Ahmed Osman Mekki, at the time of the incident, was a resident of the City of Farmington Hills, County of Oakland, State of Michigan.

2. Plaintiff, Rihab Osman, has been appointed as Personal Representative of the Estate of Ahmed Osman Mekki by the Probate Court of the County of Oakland, State of Michigan, File Number 2021-403-239-DE.

3. Defendant, Cooper Fey Deboer, upon information and belief, is a resident of the City of Panora, County of Guthrie, State of Iowa.

4. Defendant, I-80 Power, Inc., is an Iowa Corporation with its principal place of business in Iowa, and which conducts business in the State of Michigan.

## JURISDICTION AND VENUE

5. Jurisdiction is vested in this Court by the diversity of citizenship of the parties and 28 U.S.C. §1332.

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

**COUNT I**
**NEGLIGENCE CLAIM AS TO DEFENDANT,**
**COOPER FEY DEBOER**

7.      Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 6 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

8.      On or about September 2, 2021, Plaintiff's Decedent, Ahmed Osman Mekki, was the operator of a 2013 Nissan Altima motor vehicle, bearing Michigan license plate number DAA5954, which motor vehicle was being driven in a careful and prudent manner on Woodfield Way at the Old Van Dyke Crossover, at or near the intersection of M-53 Highway, in the Charter Township of Washington, County of Macomb, State of Michigan

9.      At the aforementioned place and time, Defendant, Cooper Fey Deboer, was the operator of a 2011 Freightliner motor vehicle, bearing Iowa license plate number FJ9763, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on southbound M-53 Highway, at or near Woodfield Way/Old Van Dyke Crossover, in the Charter Township of Washington, County of Macomb, State of Michigan, when said Defendant disregarded a red traffic signal and did violently strike Plaintiff's Decedent, Ahmed Osman Mekki's, vehicle, causing fatal injuries to Plaintiff's Decedent, Ahmed Osman Mekki, as hereinafter alleged.

10.     On the aforementioned day and date, Defendant, Cooper Fey

Deboer, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan, and the Ordinances for the Charter Township of Washington.

11. Contrary to the duties owed to Plaintiff's Decedent, Defendant, Cooper Fey Deboer, was negligent, careless and reckless in several respects, including the following:

(a) Failing to operate the motor vehicle with due care and caution;

(b) Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others;

(c) Failing to maintain control of the motor vehicle;

(d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e) Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff's Decedent;

(f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's Decedent's oncoming vehicle would endanger the life or property of other persons using the roadway;

(g) Failing to yield, MCL 257.649;

4

(h) Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's Decedent's vehicle;

(j) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

(k) Failing to make timely use of the braking system with which said vehicle is equipped;

(l) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(m) Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(n) Failing to make proper observations of the conditions of the highway and other conditions then and there existing;

(o) Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627;

(p) Operating his motor vehicle under the influence of alcohol and while impaired from alcohol;

(q) Failing to stop for a steady red traffic light before entering an intersection in violation of MCL 257.6l2;

(r) Performing other acts of negligence not yet known to Plaintiffs but will be ascertained during the discovery of said litigation; and,

(s) Failing to comply with and adhere to the requirements

5

of the Federal Motor Carrier Safety Administration Regulations FMCSR 392.

12. As a result of said collision, Plaintiff's Decedent, Ahmed Osman Mekki, was caused to suffer severe, grievous and fatal personal injuries, which include but are not limited to: ***multiple blunt traumatic injuries,*** among others, which injuries ultimately resulted in his death.

13. In the event it should be determined that Plaintiff's Decedent was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

14. Plaintiff, Rihab Osman, as Personal Representatives of the Estate of Ahmed Osman Mekki, Deceased, on behalf of the estate and all individuals entitled to damages, seeks all economic and non-economic damages allowed under the Michigan Wrongful Death Act, MCL 600.2922, including, but not limited to, the following:

    a) Reasonable medical, hospital, funeral and burial expenses for which the Estate is liable;
    b) Reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and the death;
    c) Losses suffered by the next of kin as a result of the

decedent's death, including the following:

      i. loss of financial support
      ii. loss of services
      iii. loss of gifts and other valuable gratuities
      iv. loss of parental training and guidance
      v. loss of society and companionship
      vi. other miscellaneous losses

WHEREFORE, Plaintiff, Rihab Osman, as Personal Representative of the Estate of Ahmed Osman Mekki, Deceased, respectfully requests that this Court enter a judgment against Defendant, Cooper Fey Deboer, for whatever amount in excess of $75,000.00 The Estate is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate the Estate for Decedent's injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
## NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, I-80 POWER, INC.

15. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 14 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

16. On the aforementioned date and time, Defendant, I-80 Power, Inc., was the owner of the 2011 Freightliner motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven,

operated, managed and/or controlled by Defendant, Cooper Fey Deboer, when Defendant, I-80 Power, Inc., knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the Charter Township of Washington, in direct disregard for the safety of Plaintiff's Decedent, Ahmed Osman Mekki.

17. Defendant, Cooper Fey Deboer, was acting with the expressed and/or implied consent of Defendant, I-80 Power, Inc.

18. Defendant, I-80 Power, Inc., is liable under the Owner's Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Cooper Fey Deboer.

19. On September 2, 2021, upon information and belief, Defendant, Cooper Fey Deboer, was acting within the course and scope of his employment with Defendant, I-80 Power, Inc., when he negligently struck Plaintiff's Decedent, Ahmed Osman Mekki's, vehicle while driving the 2011 Freightliner motor vehicle.

20. Based upon information and belief, Defendant, I-80 Power, Inc., is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Cooper Fey Deboer, in that it employed the negligent

driver, Defendant, Cooper Fey Deboer, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

21. Plaintiff, Rihab Osman, as Personal Representatives of the Estate of Ahmed Osman Mekki, Deceased, on behalf of the estate and all individuals entitled to damages, seeks all economic and non-economic damages allowed under the Michigan Wrongful Death Act, MCL 600.2922, including, but not limited to, the following:

    a) Reasonable medical, hospital, funeral and burial expenses for which the Estate is liable;
    b) Reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and the death;
    c) Losses suffered by the next of kin as a result of the decedent's death, including the following:
        i. loss of financial support
        ii. loss of services
        iii. loss of gifts and other valuable gratuities
        iv. loss of parental training and guidance
        v. loss of society and companionship
        vi. other miscellaneous losses

WHEREFORE, Plaintiff, Rihab Osman, as Personal Representative of the Estate of Ahmed Osman Mekki, Deceased, respectfully requests that judgment be entered in her favor against Defendants, Cooper Fey Deboer and I-80 Power, Inc., for whatever amount in excess of $75,000.00 The Estate is found to be entitled,

as determined by the trier of fact, to fairly, adequately and fully compensate the Estate for Decedent's injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
## NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, I-80 POWER, INC.

22. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

23. On September 2, 2021, Defendant, Cooper Fey Deboer, was employed by Defendant, I-80 Power, Inc.

24. Defendant, I-80 Power, Inc., is responsible for those negligent acts performed within the scope of Defendant, Cooper Fey Deboer's, employment.

25. Defendant, I-80 Power, Inc., hired Defendant, Cooper Fey Deboer.

26. Defendant, I-80 Power, Inc., had a duty to investigate Defendant, Cooper Fey Deboer, Defendant, Cooper Fey Deboer's, driving record and Defendant, Cooper Fey Deboer's, driving ability.

27. Defendant, I-80 Power, Inc., failed to properly investigate Defendant, Cooper Fey Deboer, Defendant, Cooper Fey Deboer's, driving record and Defendant, Cooper Fey Deboer's, driving ability and made insufficient efforts

10

to investigate whether or not Defendant, Cooper Fey Deboer, was a safe, fit and competent driver.

28. Defendant, I-80 Power, Inc., knew, had reason to know or should have known, that Defendant, Cooper Fey Deboer, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

29. Defendant, I-80 Power, Inc., knew or had reason to know or should have known that by hiring Defendant, Cooper Fey Deboer, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, I-80 Power, Inc. and/or Defendant, Cooper Fey Deboer, caused Plaintiff's Decedent, Ahmed Osman Mekki's, injuries.

30. Defendant, I-80 Power, Inc., failed to supervise or otherwise monitor, train, educate or discipline Defendant, Cooper Fey Deboer, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

31. The negligence of Defendant, I-80 Power, Inc., in hiring and/or retaining and/or supervising Defendant, Cooper Fey Deboer, was a proximate cause of Plaintiff's Decedent, Ahmed Osman Mekki's, injuries.

32. Plaintiff, Rihab Osman, as Personal Representatives of the Estate of Ahmed Osman Mekki, Deceased, on behalf of the estate and all individuals entitled to damages, seeks all economic and non-economic damages allowed under the Michigan Wrongful Death Act, MCL 600.2922, including, but not limited to, the following:

    a) Reasonable medical, hospital, funeral and burial expenses for which the Estate is liable;
    b) Reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and the death;
    c) Losses suffered by the next of kin as a result of the decedent's death, including the following:
        i. loss of financial support
        ii. loss of services
        iii. loss of gifts and other valuable gratuities
        iv. loss of parental training and guidance
        v. loss of society and companionship
        vi. other miscellaneous losses

WHEREFORE, Plaintiff, Rihab Osman, as Personal Representative of the Estate of Ahmed Osman Mekki, Deceased, respectfully requests that judgment be entered in her favor against Defendant, I-80 Power, Inc., and Defendant, Cooper Fey Deboer, for whatever amount in excess of $75,000.00 the Estate is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate the Estate for Decedent's injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

*/s/ Lewis A. Melfi*

_____
Marc J. Mendelson P-52798
Eric M. Simpson P-57232
Lewis A. Melfi P-73854
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: March 22, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIHAB OSMAN, as Personal Representative  Case No: 22-CV
of the ESTATE of AHMED OSMAN MEKKI,
Deceased,  Hon.

      Plaintiff,

vs.

COOPER FEY DEBOER and
and I-80 POWER, INC.,

      Defendants.
_____/

**Marc J. Mendelson P-52798**
**Eric M. Simpson P-57232**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050
_____/

## JURY DEMAND

Plaintiff, Rihab Osman, as Personal Representative of the Estate of Ahmed Osman Mekki, Deceased, by and through her attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

                Respectfully submitted,
                MIKE MORSE LAW FIRM

|  | Attorneys for Plaintiff |
|---|---|
|  | */s/ Lewis A. Melfi* |
|  | _____ |
|  | Marc J. Mendelson P-52798 |
|  | Eric M. Simpson P-57232 |
|  | Lewis A. Melfi P-73854 |
|  | 24901 Northwestern Highway, Suite 700 |
|  | Southfield, Michigan 48075 |
| Dated:  March 22, 2022 | (248) 350-9050 |